———o———

## No. 4447.

### (Court of Appeal, Parish of Orleans.)

## PHILIP WERLEIN, LIMITED VS. TEXAS & PACIFIC RAILROAD COMPANY.

1. In a suit by the consignor against the carrier to recover the loss caused by damage to the goods shipped, and where no exception has been filed in limine to the right of such consignor to sue, and where the consignee appears and testifies for the plaintiff on the merits, the defense by the carrier that the consignor, not being the owner of the goods, has no cause of action, cannot avail it, since the only object of the carrier in seeking to have the proper plaintiff is to avoid double payment for the damage claimed.

2. The action of the consignee in testifying for the plaintiff (consignor), is tantamount to an acquiesence by the consignee, and he is thereby estopped from recovering on the same cause of action.

"Weber & Company vs. T. & P. Railroad, recently decided by this Court."

Appeal from Civil District Court, Division "A."

Merrick, Lewis, Gensler & Schwarz, Plaintiff and Appellee.

Howe, Fenner, Spencer & Cocke, Defendant and Appellant.

ESTOPINAL J.   The substantial averments of the plaintiff's petition are, that during the month of July, 1905, it shipped via the defendant railroad company, a Pease Piano, consigned to one Frank Davis, at Whitecastle, Louisiana; that notwithstanding that said piano was properly boxed and in good condition when delivered to defendant railroad, it was in bad condition when delivered to the consignee; that the piano was damaged by water owing to the negligence of defendant in handling or from exposure; that the consignee of the piano refused to retain the piano, and that in consequence it (plaintiff), was put to the expense of One Hundred and Thirty-Seven Dollars and Thirty Cents ($137.30), for properly repairing the same, for which he now sues.

Defendant in its answer tenders the general issue coupled with the specific averment that the piano was not in bad condition when delivered to the consignee; that it was promptly transported to destination, tendered to, examined by and accepted as in good condition by the consignee. The judgment in the District Court was for plaintiff, and from this judgment the defendant has appealed.

Our esteemed brother of the Lower Court in his reasons for judgment says: The evidence establishes the fact by the strong preponderance, that the piano was injured by rain and dampness while in defendant's keeping, and was in an injured and damaged condition when delivered to consignee, and further, that the said condition was not apparent by reason of its being encased in a box when the consignee received it, and did not become known until the box was opened at the home of the consignee. There is no question as to the amount of the damages as claimed & c. & c. Counsel for defenlant frankly state in brief that they do not question the finding of the Lower Court on the facts, but question the correctness of the Court's conclusion to the effect that; "As consignor suffered the damage, the plaintiff had his right of action." And upon this phrase alone, this Court is asked to pass.

Industrious and learned counsel direct our attention to a number of Authorities from other States, in which the respective rights of the consignor and consignee of goods to recover from the carrier for the damage, is discussed.

It has been held in many States that the consignor, if a vendor, is without interest to sue the carrier, the latter having become the agent of the vendee, and liable to him only for the safe delivery of the goods, and that consequently, the consignee has the legal right of action.

On the other hand the jurisprudence in many States is to the effect that the consignor has a legal right of action against the carrier, when he has a lien against or special interest in the goods.

This was the sale of a piano to be delivered by the vendor in good order, and the sale was not completel or binding upon the purchaser unless the thing sold was in proper condition.

Certainly plaintiff had such an interest as should give him a right of action against the carrier with whom he had contracted for the transportation and delivery of the piano.

Pretermitting any discussion as to whether the right of plaintiff to sue should have been pleaded *in limine,* or as to which is the controlling jurisprudence in reference to the rights of the consignor and consignee to sue the carrier for breach of contract, we turn to decision of this Court involving the identical issues presented in the case at bar, in which we held that the only interest of the carrier in seeking to have the proper plaintiff, was to avoid *double payment,* and that where the *consignee had testified* in a suit brought by the consignor, his action was tantamount to an acquiescence and he was estopped from thereafter urging the same claim against the carrier. Weber & Co., vs. T. & P. R. R. Co. No. 4402, recently decided by this Court.

The consignee in this case testified for plaintiff.

The defendant railroad, on appeal, does not contest the correctness of the claim for damages.

Clearly, the carrier in this case is only concerned in liquidating its obligation once and for all. The judgment for plaintiff herein in a suit in which the consignee, by testifying, made himself a party, sets at rest any further action by said consignee or anybody else, for the same cause of action.

The judgment appealed from is not error, and it is hereby affirmed.